## GAMM v. COMMISSIONER OF INTERNAL REVENUE.
### No. 5759.

Circuit Court of Appeals, Fifth Circuit.
March 25, 1930.

Edwin T. Merrick, Ralph J. Schwarz, and Morris B. Redmann, all of New Orleans, La., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key and Andrew D. Sharpe, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and R. L. Williams, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C. (Dean P. Kimball, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., on the brief), for respondent.

Before BRYAN and FOSTER, Circuit Judges, and DAWKINS, District Judge.

74

FOSTER, Circuit Judge.

The petitioner returned net losses on a general merchandising business conducted at Belcher, La., of $4,341.21 and $4,077.20 for the years 1920 and 1921 respectively. The Commissioner of Internal Revenue rejected the returns, and, using the percentage basis, found the petitioner had realized income from his business of $3,372.68 and $2,796.42 for the respective years.

In 1919, petitioner and two others acquired an undivided one-fourth interest in two oil leases on land in Claiborne Parish, La., for $2,472 cash, of which petitioner paid $824, or one-third. In 1920, the three parties sold their interest in one lease, retaining the other lease, to the Claiborne-Louisiana Oil Co., for $30,000, and petitioner received stock in the corporation of the par value of $7,500 for his share. The same year he sold a portion of the stock for $892.50. No dividends were paid by the oil company and it was liquidated without any return to the stockholders. The Commissioner determined that petitioner had a one-third interest in the lease sold and had received one-third of the selling price, $10,000, and had realized a profit on the transaction of $9,588.

The Commissioner determined deficiencies of $1,970.50 for 1920 and $161.38 for 1921. On appeal the board of tax appeals affirmed the Commissioner.

The decision of the board of tax appeals rests on the failure of the petitioner to overcome the presumption in favor of the correctness of the assessment for additional taxes.

As to the mercantile business, it appears that petitioner kept his accounts on loose leaves in binders. At the time of trial these loose leaves were not produced and petitioner stated he had not the least idea what had become of them. A witness, Blumberg, testified that he made up the tax returns from petitioner's books; that they were properly kept and reflected the operations of the business. However, he did not keep the books but only made up the tax returns from them, and no one testified that the books were truthful and accurate.

As to the oil lease transaction, petitioner's testimony is rather indefinite. He testified that the stock was not worth par in 1920; that its value was just about what he paid for it, the $412 that he paid for the lease, but he sold a little of it in 1920, he did not know how much, for $892, more than double what he paid for his interest in the lease. He also testified that his interest was one-fourth instead of one-third, but he made no explanation of why he did not receive a one-third interest for contributing one-third of the cost. If petitioner had shown the par value of the stock he sold, there would have been some basis for a determination of the value of all, but he failed to show any substantial facts upon which the board could act. His profit in the transaction depended upon the value of the stock when he received it, and it was not affected by the subsequent liquidation of the company.

On the whole case there was not sufficient evidence before the board to warrant judgment in petitioner's favor in any amount.

Affirmed.